Evan S. Cohen, SBN 119601
esc@manifesto.com
1180 South Beverly Drive. Suite 510
Los Angeles, CA 90035-1157
(310) 556-9800

BYRNES HIRSCH P.C.
Bridget B. Hirsch, SBN 257015
bridget@byrneshirsch.com
2272 Colorado Blvd., #1152
Los Angeles, CA 90041
(323) 387-3413

Attorneys for Plaintiff CLEOPATRA RECORDS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEOPATRA RECORDS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAKUB MARKECH, an individual also known as Lousy Auber; and DOE 1 through DOE 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-00780<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

1
**COMPLAINT**

Plaintiff Cleopatra Records, Inc. alleges:

# I

# JURISDICTION

1. This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.

2. This court has personal jurisdiction over defendant, because his repeated acts of sending cease-and-desist letters into the forum state satisfy the minimum contacts prong of specific jurisdiction, because defendant purposefully directed his activities into California. *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346 (Fed. Cir. 2017).

# II

# PARTIES

3. Plaintiff Cleopatra Records, Inc. ("Cleopatra") is a corporation organized under the laws of the State of California, and has its principal place of business in Los Angeles, California, within the Central District of California.

4. Defendant Jakub Markech ("Markech") is a citizen of the Slovak Republic, and Markech resides in Banka, Slovak Republic. Markech also uses the pseudonym "Lousy Auber."

5. Plaintiff sues the defendants identified below as Doe 1 through Doe 20, inclusive, on the grounds that plaintiff is ignorant of the true names and capacities of those fictitiously named defendants. Plaintiff will seek leave of court to amend this complaint when the true names and capacities of those defendants are ascertained.

6. Each of the named defendants was the agent, employee, partner, joint venturer, or co-conspirator of each of the other defendants, and was at all times

acting within the purpose and scope of said agency, employment, partnership, joint venture, and conspiracy, and each defendant has ratified and approved the acts of the remaining defendants.

### III

### VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

8. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(c)(3), because Markech is a defendant who is not a resident of any judicial district.

### IV

### FIRST CLAIM FOR

### DECLARATORY RELIEF

9. Plaintiff realleges paragraphs 1 through 8, inclusive, as if fully set forth.

10. Cleopatra is a record company, that is, Cleopatra is, and at all times mentioned below has been, in the business of manufacturing and distributing "phonorecords" embodying "sound recordings" of performances of "musical works" to the public, as the words in quotation marks are defined in 17 U.S.C. § 101, as well as causing the distribution of those sound recordings via digital media, stores, and platforms.

11. On or about April 18, 2018, Cleopatra released an album entitled *Alcoholic Alligator* (the "Album") by a recording artist named Horst Christian Simco, professional known as Riff Raff. For the cover of the Album, Riff Raff furnished to Cleopatra a photograph of himself, with liquor being poured into his mouth (the "Photograph").

12. Markech claims to be the photographer of the Photograph, and, according to Markech, he took the Photograph of Riff Raff at a music festival held in 2017 in Bratislava, Slovakia, at which Riff Raff performed.

13. In July 2018, an attorney for Markech, located in Bratislava, Slovakia, wrote to Cleopatra and demanded an exorbitant sum of money from Cleopatra, namely, 13,000 euros, for the alleged damages caused to Markech on account of the allegedly unauthorized Photograph. A true and correct copy of the letter dated July 13, 2018 is attached hereto as "Exhibit A."

14. In response, Cleopatra immediately discontinued the use of the Photograph, and changed the cover of the Album on all digital platforms, stores, and sites.

15. The Album, prior to the date that Cleopatra changed the cover of the Album, generated minimal revenue, in the approximate amount of $500.00.

16. The removal of the Photograph did not satisfy Markech's quest for exorbitant damages. On January 29, 2019, an attorney representing Markech, Evan A. Anderson, located in Atlanta, Georgia, wrote to Cleopatra and demanded $30,000 in damages, and threatened to sue for copyright infringement and for violation of 17 U.S.C. § 1202(b), for "removal of copyright management information." A true and correct copy of the letter dated January 29, 2019 is attached hereto as "Exhibit B."

17. The Photograph has never been registered in the United States Copyright Office. While Markech is presumably a citizen of the Slovak Republic and that country is a signatory to the Berne Convention, that fact only relieves Markech from the requirement that the Photograph be registered prior to a suit for copyright infringement. Markech is not entitled, and will never be entitled, to any statutory damages or attorneys' fees from any alleged infringement.

18. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Cleopatra

and Markech concerning their respective rights and duties, in that Cleopatra contends that the use of the Photograph generated *de minimus* revenues, and there is a genuine issue regarding the authorship and rightful ownership of the Photograph. Cleopatra also denies that it violated 17 U.S.C. § 1202(b), because it had no knowledge of any such "copyright management information," nor was it in possession of any such knowledge at the time that the Photograph was used in connection with the Album.

19. Markech, on the other hand, and his attorneys, contend that Cleopatra must pay damages in an outrageous sum, that is, an amount "which will far exceed $30,000," that is completely unsupported by the law. Markech also contends that Cleopatra violated 17 U.S.C. § 1202(b) because the "copyright management information" that Cleopatra was supposed to heed was apparent from an obscure account hosted on the social medial platform Instagram.

20. Cleopatra desires a judicial determination of its rights and duties, and a declaration that Cleopatra is not violating the Copyright Act through its conduct alleged above.

21. Such a judicial determination of the rights and duties of the parties is necessary at this time, in that defendants have repeatedly threatened to sue Cleopatra and seek statutory damages well in excess of any possible actual damages.

WHEREFORE, plaintiff prays for judgment as follows:

1. For a judicial declaration that: (a) Cleopatra did not engage in infringing activity; (b) even if there were an infringement, Markech may not obtain an award of statutory damages or attorneys' fees because the Photograph is an unregistered work; (c) the gains and profits attributable to the infringement are in a *de minimus* amount; and (d) that Cleopatra did not violate 17 U.S.C. § 1202(b).

2. For costs of suit incurred;

3. For reasonable attorney's fees as part of the costs; and

4. For such other and further relief as the court should deem just and proper.

Dated: February 1, 2019		By:	*/s/ Evan S. Cohen*
					EVAN S. COHEN

					Attorney for Plaintiff
					CLEOPATRA RECORDS LLC